LOPEZ 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-045-CR





STEVEN LOPEZ,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 




 




FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT



NO. 6252, HONORABLE JOE CARROLL, JUDGE PRESIDING



 





 Steven Lopez, appellant, was convicted by a jury of the offense of burglary of a
building. Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926
(Tex. Penal Code Ann. § 30.02, since amended). The jury assessed punishment at sixteen years'
imprisonment. In a single point of error, appellant challenges the legal sufficiency of the evidence
to support his conviction. We will affirm.



BACKGROUND


 The following events were established at trial. On the morning of March 13, 1993,
Troy Brosset, owner of the Lampasas Locker Plant in Lampasas, Texas, discovered that the plant
had been burglarized. Some change from the cash register and an assortment of meat products
were missing. Further inspection of the premises revealed that a panel of an unused door had
been smashed open. The burglar apparently had then reached in through the hole and unlocked
the door.

 A man living in a building across the street, Ted Cockrill, reported to Brosset and
to the police that the previous night he had heard a lot of "beating and banging" noises outside his
residence, coming from the direction of the plant. Cockrill also reported that during the same
period of time he had heard two men speaking to one another. He never saw either of these men,
but was able to identify one of the voices as that of appellant.

 Based on this information, police obtained a warrant to search appellant's
apartment. When the search warrant was executed, officers from the Lampasas Police Department
knocked on appellant's door and announced themselves as police officers. When no one
answered, they entered through a window. Inside, they found appellant in the bathroom. He told
them he had not opened the apartment door because he thought "the mob" was after him. (1) In
appellant's refrigerator, the officers found a large quantity of meat products of the type stolen
from the Lampasas Locker Plant. Mr. Brosset later identified this meat as the stolen property. 
When asked by the officers how he obtained possession of the meat products in his refrigerator,
appellant responded that he did not know because he "leaves his door open all the time." At trial,
however, appellant testified that a neighbor had asked permission to store the meat in appellant's
refrigerator, and that he had agreed.



DISCUSSION


 In his sole point of error, appellant challenges the legal sufficiency of the evidence
to support his conviction. The critical inquiry on review of the legal sufficiency of the evidence
to support a criminal conviction is whether the evidence in the record could reasonably support
a finding of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the
evidence at trial established guilt beyond a reasonable doubt. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Crim. App. 1981). The standard of review is the same for direct and circumstantial evidence
cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991).

 A person commits the offense of burglary if, without the effective consent of the
owner, he (1) enters a habitation or building not then open to the public with intent to commit a
felony or theft, or (2) enters a habitation or building and commits or attempts to commit a felony
or theft. Tex. Penal Code Ann. § 30.02(a), since amended.

 The primary focus of appellant's challenge is on the element of entry. Because the
court's charge did not include any instruction on the law of parties, the evidence must be sufficient
to find that appellant personally entered the Lampasas Locker Plant. Cf. Jones v. State, 815
S.W.2d 667, 669-71 (Tex. Crim. App. 1991) (holding that where law of parties was not properly
charged, evidence must be sufficient to show that defendant personally committed all elements of
offense). Appellant asserts that in the present case the evidence is not sufficient, relying on two
cases, Walker v. State, 823 S.W.2d 247 (Tex. Crim. App. 1991), cert. denied, 112 S. Ct. 1481
(1992), and Edwards v. State, 867 S.W.2d 90 (Tex. App.Corpus Christi 1993, no pet.).

 The first of these, Walker, is based on an obsolete legal standard. In Walker, the
defendant was convicted of burglary after his palm prints were found on a television set outside
the burglarized store. 823 S.W.2d at 248. There was evidence, including footprints at the scene,
that at least two people were involved. Because there were no witnesses to the burglary, however,
there was no evidence of the defendant's precise role in the crime. As in the present case, the
trial court in Walker gave no instruction on the law of parties, so the evidence had to be sufficient
to establish that the defendant personally committed all the essential elements of burglary,
including entry. Id.

 The Court of Criminal Appeals applied the "reasonable hypothesis" analytical
construct: "[In] a circumstantial evidence case, we must determine whether the evidence excludes
every reasonable hypothesis other than the guilt of appellant by his own conduct." Id. at 249. 
This standard required that the evidence be sufficient to affirmatively exclude the possibility that
the defendant had not personally entered the building, even though he may have been involved in
the burglary. The court concluded that the evidence was not sufficient:



 One reasonable possibility is that appellant entered the building and carried
the television to the garden area. Another reasonable hypothesis is that appellant
waited outside the building and carried the television handed to him by the one
who entered the store. . . .


 . . . The evidence does not exclude the reasonable hypothesis that appellant
was guilty only as a party. Therefore, the evidence is insufficient to support the
conviction . . . .



Id. While the reasoning of the Walker court would appear to support appellant's position, the
"reasonable hypothesis" standard on which Walker is based was abandoned in Geesa, 820 S.W.2d
at 156-61. Consequently, Walker is no longer controlling authority on the sufficiency of
circumstantial evidence in a burglary case. See Krueger v. State, 843 S.W.2d 726, 728 (Tex.
App.--Austin 1992, pet. ref'd).

 Appellant argues that direct evidence of his entry into the building is required even after
the abandonment of the "reasonable hypothesis" standard. For this proposition he relies on
Edwards, a post-Geesa case. As in Walker and the present case, the defendant in Edwards was
convicted of burglary without any direct evidence that he had personally entered the burglarized
building. 867 S.W.2d at 93-94. Edwards was one of three men involved in the burglary; a
witness saw him approach the door of the building, but because of her position could not see
whether he entered it or not. Id. at 93. The three men were arrested shortly thereafter and found
to be in possession of the stolen property. The court found this evidence insufficient to support
a burglary conviction:



The State failed to produce sufficient evidence to establish the essential element of
entry. No witness saw him enter or carry any objects from the house, and the
State offered no physical evidence showing his actual presence in the house. . . . 
While a jury might possibly infer entry from the mere fact that appellant
temporarily disappeared from the witness's view, a rational trier of fact could not
find entry beyond a reasonable doubt given the facts that the witness could not see
the door, that appellant was out of sight for less than a minute, and that he carried
nothing from the house.



Id. at 94. Appellant urges us to reverse his conviction in accord with Edwards. We decline to
follow the reasoning of that decision. We see no reason why the element of entry into a building
may not be established by inference, just as inferences mayand often mustbe used to prove the
elements of any other offense.

 In the present case, the jury heard evidence that placed appellant at the Lampasas Locker
Plant at the time of the burglary. Furthermore, the nature of the stolen property, numerous
packages of meat products, supports an inference that the burglars shared the task of removing
the goods from the building. The jury was entitled to reject as inherently implausible the theory
that a burglar would slow his commission of the offense and delay his escape by standing idle
while his partner struggled with armfuls of packages. Moreover, it is undisputed that a short time
after the burglary, appellant was in possession of the stolen property. Appellant offered
conflicting and equally implausible explanations for his possession of the property.

 Under these circumstances, the jury was entitled to infer that appellant did in fact enter the
locker plant. The Court of Criminal Appeals made it clear in Geesa that it is the jury's
prerogative "to weigh the evidence, to judge the credibility of the witnesses, and to choose
between conflicting theories of the case." Geesa, 820 S.W.2d at 159. It is also the jury's
prerogative to choose between conflicting inferences raised by the evidence. See Matson v. State,
819 S.W.2d 839, 846 (Tex. Crim. App. 1991); Moone v. State, 802 S.W.2d 101, 103-04 (Tex.
App.Austin 1990, pet. ref'd).

 Finally, appellant testified at trial that he was home at the time of the burglary, and that
he innocently received the meat from a neighbor. However, the jury was entitled to disbelieve
this story, especially in light of the fact that it was totally uncorroborated and conflicted with prior
statements made by appellant at the time of his arrest.

 We conclude that the evidence in the present case, viewed in the light most favorable to
the prosecution, is sufficient to support a finding of all the essential elements of burglary beyond
a reasonable doubt.



CONCLUSION


 We overrule appellant's point of error and affirm the conviction.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd;

 Chief Justice Carroll Not Participating

Affirmed

Filed: October 12, 1994

Publish

1.   Through a pleading filed in the district court, appellant gave notice of his intention
to raise an insanity defense. Following a pre-trial hearing, the trial court found appellant
competent to stand trial. Appellant apparently abandoned the insanity defense, however,
and the jury was not charged on that defense at trial.