NUMBER 13-00-00596-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


LEROY ELDRIDGE , Appellant,

v.


THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo


Appellant Leroy Eldridge pled guilty, without a plea bargain, to five counts of sexual assault of a child and one count of
indecency with a child, and was sentenced to twenty years confinement. Appellant now appeals, alleging that his Sixth
Amendment right to a speedy trial was infringed because the year-long delay between arrest and conviction adversely
affected his demeanor and hence the trial's outcome. Due to appellant's waiver of error, we affirm the judgment of
conviction.

Statement of Facts

Appellant was arrested for sexual assault and indecency with a child on September 5, 1999. The case came before the trial
court on September 12, 2000, whereby he was convicted on three counts on sexual assault and one count of indecency with
a child, pursuant to his plea of guilty. (1) Appellant was sentenced to twenty years confinement for each count of sexual
assault and ten years for the count of indecency with a child, to run concurrently. 

Appellant now asserts that the delay between arrest and trial led to his losing faith in the judicial system, thus prompting
him to plead guilty. He further asserts that the delay adversely affected his demeanor during the sentencing phase of trial,
contributing to the judge's sentencing determination. 

Discussion

The right to a speedy trial is guaranteed by the U.S. Constitution under the Sixth Amendment, and applied to the states thro
ugh the Fourteenth Amendment. Barker v. Wingo, 407 U.S. 514, 515 (1972). The same right is provided to an accused
under article I, section 10 of the Texas Constitution. Hull v. State, 699 S.W.2d 220, 221 (Tex. Crim. App. 1985). 

When reviewing dismissals of motions for speedy trials, the standard of review is bifurcated, meaning an abuse of
discretion standard applies to the factual components and a de novo standard applies to the legal components of the trial
court's decision. Munoz v. State, 991 S.W.2d 818, 821(Tex. Crim. App. 1999). In this case, there is no trial court ruling to
review. Though the delay between the arrest and trial spanned slightly over one year, appellant failed to raise the speedy
trial complaint in the trial court and has therefore waived any error. By pleading guilty, Eldridge also forfeited his right to
appeal any claim of error independent of his determination of guilt, such as the denial of a right to a speedy trial. 

Failure to raise complaint waives error

A complaint concerning lack of a speedy trial must be raised in the trial court; if no such issue is raised, the right is
considered to be waived. Mulder v. State, 707 S.W.2d 908, 915 (Tex. Crim. App. 1986);Serna v. State, 882 S.W.2d 885,
889-90 (Tex. App.-Corpus Christi 1994, no pet.). While the right to a speedy trial is guaranteed by both the state and
federal constitutions, the U.S. Supreme Court has also determined that the defendant bears some responsibility to assert the
right. Barker, 407 U.S. at 528;Guevara, 985 S.W.2d at 593 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd).

To preserve a complaint for appellate review, a motion requires more than mere filing; it must be "presented". Guevara,
985 S.W.2d at 592. The movant must make the trial judge aware of the motion by calling attention to the motion in open
court and making a request for a ruling. Id.; Dowler v. State, 777 S.W.2d 444, 448 (Tex. App.-El Paso 1989, pet. ref'd). "It
is appellant's burden to establish a record supporting his claim that his right to a speedy trial was denied and that he
asserted that right before the trial court." Edwards v. State, 867 S.W.2d 90, 95 (Tex. App.-Corpus Christi 1993, no pet.)
(emphasis added) (citing Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981)).

The appellant claims to have filed a motion for speedy trial prior to trial. (2) However, appellant has failed to provide any
evidence that the trial court was ever made aware that he was asserting his right to a speedy trial, nor has he provided
evidence that he called attention to or requested a ruling on the alleged speedy trial motion. The only complaint raised
during trial concerning the delay was a remark by the appellant's attorney on the first day of trial in response to the state's
request for an hour delay. That portion of the record reads as follows: 

Mr. Kolpack: Judge, we would respectfully object on behalf of the defendant. The man's been in jail for a year. The State
has had a year to get ready. The State had time to reindict him, they've had time to go down to the jail and see him, send
the probation people in to talk to him. They have certainly had time to get their photographs developed. We would ask
that any further delay under the speedy trial - 

The Court: When you measure an hour against eternity, it won't even measure on the Richter Scale, Mr. Kolpack.

The context in which the attorney's comments were spoken indicate that they were situationally specific and spoken for the
purpose of disagreeing with the State's request for an hour's delay to process pictures, not to voice a Sixth Amendment
speedy trial rights violation. These remarks do not meet the aforementioned criteria for appellate review. 

By not presenting his speedy trial claim of error to the trial court, Eldridge waived his right to raise the issue for appellate
review. 

Pleading guilty waives errors that are independent of the judgment

A defendant who voluntarily and understandably pleads guilty waives all non-jurisdictional defects, including claimed
deprivation of due process rights, where the resulting judgment of conviction was independent of, and was not supported
by, the error. Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). A defendant waives his right to a speedy
trial claim by pleading guilty in the trial court. Larson v. State, 759 S.W.2d 457, 459 (Tex. App.-Houston [14th Dist.]
1988, pet. ref'd) (court held that appellant waived his claimed deprivation of right to a speedy trial when he voluntarily pled
no contest to sexual assault and guilty to indecency with a child). 

The Young rule was designed to protect defendants against possible errors made in trial court that supported their
determinations of guilt, such as conditional pleas and errors in denials of motions to suppress evidence. Young, 8 S.W.3d
at 663. One's right to a speedy trial, on the other hand, concerns protection against oppressive pretrial incarceration,
anxiety of the accused, and impairment of the defense. Munoz, 991 S.W.2d at 826. 

Appellant claims that the delay between arrest and trial led to a negative change in his demeanor during the sentencing
hearing which, in turn, resulted in the trial judge assessing a punishment of twenty years in prison. The evidence presented
against appellant at trial was unaffected by the speedy trial error. Appellant does not claim that he misunderstood his
waiver of appellate rights based on the guilty plea. The conviction was not dependant upon the error and therefore is not
preserved for review under the Young rule. 

We note that a defendant who appropriately raises a constitutional violation prior to pleading guilty will not have the issue
foreclosed on appeal. Young, 8 S.W.3d at 663. At no time did the appellant voice a speedy trial concern or show any
reluctance about his decision to plead guilty before he did so. He listened to a thorough explanation of the consequences of
his plea by the court, including the strict sentence that was likely to follow, and affirmed his decision three times. 

Disposition

Having determined that the appellant waived any error as to the sole issue raised, we overrule the issue and affirm the
judgment of conviction. 



ERRLINDA CASTILLO

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.

1. Although appellant pled guilty to all the charged offenses - five counts of sexual assault and one count of indecency with
a child - the trial judge nonetheless held a bench trial on both guilt/innocence and punishment. At this bench trial, the trial
judge determined that there was insufficient evidence to support two of the charged counts of sexual assault.

2. 

[0] Appellant attached a copy of a pro se document entitled "Motion for Speedy Trial or Dismissal" to his appellate brief
(containing an illegible marking of letters and numbers which may be a file mark). However no such motion appears in the
appellate record. See Tex. R. App. P. 34.5. In light of appellant's failure to affirmatively call this motion to the court's
attention and obtain a ruing on it, if in fact it was filed at all, there is no need to request a supplementation to the record in
this case. See Guevara, 985 S.W.2d at 592-93.