Jose **SERNA**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13-93-332-CR.

Court of Appeals of Texas, Corpus Christi.

July 29, 1994.

Alfredo Padilla, Brownsville, for appellant.

Luis V. Saenz, Dist. & County Atty., John A. Olson, Asst. Dist. & County Atty., Brownsville, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

Appellant, Jose Serna, Jr., appeals his conviction for aggravated assault. He raises four points of error. We affirm.

In his first point of error, appellant contends that the trial court erred in failing to dismiss this prosecution because of double jeopardy. Appellant filed a motion to dismiss in advance of trial, asserting that he had previously been placed in jeopardy for the same offense, and thus could not be retried. The record of this pretrial hearing is scant; it appears, however, that a different judge from the one who conducted the earlier proceedings, the ones that are claimed to bar the present action, heard the motion to dismiss and the eventual trial of this case.

At the pretrial hearing appellant was represented by counsel other than who represented him at the earlier proceedings. Appellant's counsel examined the prosecutor who handled the case against him, Toni Trevino. Trevino testified that a jury had been previously selected and sworn to try appellant on his plea of not guilty. Before evidence was presented, appellant decided to enter a plea of guilty. He then waived the jury and pleaded guilty pursuant to a plea bargain. The trial judge ordered a presentence investigation. After the presentence investigation was completed, the judge rejected the plea bargain, and allowed appellant to withdraw his plea of guilty. The State then reindicted appellant, adding an enhancement allegation to the indictment. The indictment was referred to a court other than that handling the earlier indictment. It is on this later indictment that appellant was tried below.

Appellant complains that after being placed in jeopardy on the original unenhanced charges, by the impaneling and swearing of the first jury, he cannot be reindicted and tried on an indictment with an enhancement allegation. We disagree.

The Double Jeopardy Clause protects a criminal defendant's right to have his trial completed by a particular tribunal. *Harrison v. State,* 788 S.W.2d 18, 21 (Tex. Crim.App.1990). Balanced against this right is the right of society to be protected from those guilty of crimes by enabling society to retry the accused under certain circumstances. *Harrison v. State,* 767 S.W.2d 803, 805 (Tex.Crim.App.1989). In addressing these concerns, rules have emerged that focus upon whether the defendant has consented to the new trial. *Id.* When a defendant consents to a new trial, retrial is generally permitted because the defendant himself elected to terminate the proceedings and begin anew. *Id.* at 806. Consent need not be expressed but may be implied from the totality of the circumstances. *Id.*

Although appellant was placed in jeopardy when the first jury was impaneled and sworn, *see Proctor v. State,* 841 S.W.2d 1 (Tex.Crim.App.1992), he consented to the dismissal of the first jury by agreeing to plead guilty pursuant to a plea bargain. After the trial court considered the presentence investigation report and rejected the plea bargain, appellant consented to reprosecution of the charges against him by withdrawing

his plea. No jeopardy violation occurred. *See Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir.1987).

 Thereafter, the State reindicted appellant for the same offense but added an enhancement allegation. Generally, the State is free to dismiss an indictment and reindict without implicating the constitutional prohibition of double jeopardy. *Proctor*, 841 S.W.2d at 3. Likewise, the State may add enhancement allegations to an indictment after a defendant's conviction is reversed on appeal, unless the prosecutor's acts may have been the product of vindictive retaliation for the prior exercise of the accused's right to appeal. *Bouie v. State*, 565 S.W.2d 543 (Tex. Crim.App.1978). The facts in the present case do not give rise to any inference of prosecutorial vindictiveness. *See Raetzsch v. State*, 709 S.W.2d 39, 40 (Tex.App.—Corpus Christi 1986), *pet. ref'd*, 733 S.W.2d 224 (Tex. Crim.App.1987).

By withdrawing his guilty plea after rejection of the plea bargain, appellant was returned, with his consent, to his original position. That is, the original indictment was pending against him and a plea of not guilty was entered as his response. We detect no policy reasons why the jeopardy clause would prevent the State from prosecuting the same offense under a new indictment with an enhancement paragraph. Point one is overruled.

 By point three appellant contends that the evidence is insufficient to support his conviction. Appellant was convicted of an aggravated assault on Esteban Mendoza, an off-duty police officer, which occurred outside a Circle K in Harlingen, December 22, 1991. Mendoza and his companion, Emilia Gonzalez, had been to her office Christmas party that night, stopped at her baby-sitter's house and picked up their daughter, then stopped at the Circle K. Gonzalez went into the store and Mendoza remained in the car. Gonzalez testified that while she was paying for her purchases, appellant yanked on her hair. She left the store and returned to the car and told Mendoza what happened. Mendoza got out of the car as appellant left the store. Mendoza claims that appellant attacked him immediately, that he felt a sting-

ing sensation on his face while they were fighting but he didn't know the cause of the sensation. While appellant and Mendoza were scuffling, someone else began kicking him in the back.

Appellant claims that Mendoza punched him in the face immediately after he exited the store. He claims he fought back to defend himself and a friend, Rodriguez, came to his aid and began kicking Mendoza. The fight was stopped when a third man intervened to help Mendoza get up. Appellant and Rodriguez ran away.

Mendoza insisted on driving Gonzalez and their daughter three blocks to their home. Police arrived and took Mendoza to the hospital. Mendoza's face, neck, and ear were badly cut. His ear was partially amputated. Neither Mendoza nor Gonzalez saw a knife or other weapon.

Mendoza and Gonzalez deny knowing appellant prior to that evening. Both described appellant as appearing drunk. Appellant denies yanking Gonzalez's hair, speaking to her, or accosting her in any manner. Mendoza describes Gonzalez as being very upset and frightened when she returned to the car. The convenience store clerk remembers both Gonzalez and appellant in the store that night but not at the same time. He did not see who struck the first blow, he saw a man in a white shirt on top. According to the testimony, Mendoza was wearing a white shirt and tweed jacket.

Appellant was arrested and jailed several hours later for public intoxication. Rodriguez was with appellant at the time and found to have several watches in his possession. Rodriguez was not detained. After appellant had been jailed, an officer noticed that he appeared to have been in a fight. The officer put together two photo line ups and showed them to Gonzalez. She identified both appellant and Rodriguez as Mendoza's assailants. Later, Mendoza found his watch to be missing. It was identified as one of the watches in Rodriguez's possession several hours after the assault. Appellant's possessions at booking included a ring with a knife blade, however the blood on that blade

was determined to be of a different type than Mendoza's.

We review the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex.Crim.App.1994); *Navarro v. State*, 776 S.W.2d 710, 712 (Tex.App.—Corpus Christi 1989, pet. ref'd).

Appellant contends there is insufficient evidence that appellant inflicted the injuries on the victim or what caused the injuries. However, the jury heard testimony from the victim and his companion who witnessed the assault. Both identified appellant. Mendoza testified that Rodriguez had only kicked him in the back; all of his serious injuries were to his face and neck. His medical records were introduced at trial and he testified to his injuries; he was severely cut about the face and neck; he required 400 stitches; and his left ear was partially amputated. Mendoza has had some reconstructive surgery and may need more. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim.App.1981); *Villarreal v. State*, 865 S.W.2d 501, 503 (Tex.App.—Corpus Christi 1993, pet. filed). Any conflicts in the evidence are to be resolved by the jury. The evidence is sufficient to support the conviction. Point three is overruled.

By point two appellant contends that the trial court erred in failing to grant his motion for dismissal which claimed that the indictment was defective because it failed to specify the weapon used by the defendant. The indictment charged the defendant with the offense of attempted murder of Esteban Mendoza by "strik[ing] the victim with an unknown object, that in the manner of its use and intended use was capable of causing serious bodily injury...." Additionally the State notified appellant of its intent to seek

an affirmative finding that the unknown object used during the offense was a deadly weapon as defined in the Penal Code.[1] When an indictment alleges that the manner in which an injury is inflicted is unknown and the evidence at trial does not show what type of object was used, a prima facie showing exists that the object was unknown to the grand jury. *Matson v. State*, 819 S.W.2d 839, 847 (Tex.Crim.App.1991); *Copeland v. State*, 848 S.W.2d 199, 200 (Tex.App.—Corpus Christi 1992, pet. ref'd). The evidence in this case did not reveal the nature of the weapon. The indictment was sufficient. *See Matson*, 819 S.W.2d 839; *Cunningham v. State*, 484 S.W.2d 906, 911 (Tex.Crim.App. 1972); *Copeland*, 848 S.W.2d 199. Point three is overruled.

By point four appellant complains that his right to a speedy trial was violated. Defendants have a constitutional right to a speedy trial guaranteed under the Sixth Amendment. *Klopfer .v. North Carolina*, 386 U.S. 213, 227, 87 S.Ct. 988, 995, 18 L.Ed.2d 1 (1967). To determine whether that right has been violated, we apply a four part balancing test: 1) the length of the delay; 2) reason for delay; 3) the accused's assertion of the right; and 4) prejudice to the accused resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

First, we review to determine whether appellant raised the issue before the trial court. In his brief, appellant refers to a motion for dismissal that was filed, however he does not indicate where in the record it is to be found. Tex.R.App.P. 74(d). Although we are not required to search the record to find the motion, we have reviewed appellant's various motions to dismiss and none mention his right to a speedy trial. Neither does a review of the docket sheet or transcript reveal such a motion. It appears that appellant first asserted his right to a speedy trial in his appellate brief. A defendant who first asserts the right on appeal has waived the

---

1. Contained in Notice of State's Intent filed January 14, 1993, three months before trial. At the same time, the State also filed the State's Special Plea and Motion for Affirmative Jury Issue in which it advised appellant that they were seeking to have submitted an issue on use of a deadly weapon.

issue. *Mulder v. State,* 707 S.W.2d 908, 914 (Tex.Crim.App.1986); *See also Edwards v. State,* 867 S.W.2d 90, 95 (Tex.App.—Corpus Christi 1993, no pet.) (citing *Barker,* 407 U.S. at 531–32, 92 S.Ct. at 2192–93). It is appellant's burden to establish a record supporting his claim that his right to a speedy trial was denied and that he asserted that right before the trial court. Mere assertions in a brief will not suffice. *Edwards,* 867 S.W.2d at 95 (citing *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982)). Point four is overruled.

The judgment is **AFFIRMED.**