NUMBER 13-01-576 -CR


COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




 PRESTON DENVER HAWKINS , Appellant, 



v.



THE STATE OF TEXAS , Appellee.



On appeal from the 252nd District Court 

of Jefferson County, Texas.




O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Baird (1)

Opinion by Justice Baird



 Appellant was charged by indictment with the offense of aggravated sexual assault. The indictment further alleged four
prior felony convictions for the purpose of enhancing the range of punishment. A jury convicted appellant of the charged
offense. Appellant pled true to one of the enhancement allegations. The trial judge found that allegation true, and assessed
punishment at confinement for fifty years in the Texas Department of Criminal Justice-Institutional Division. We affirm.

I. Anders Brief.


 Counsel has filed an Anders brief. Anders v. California, 386 U.S. 738 (1967). Counsel states that he has reviewed the
reporter's record and the clerk's record in this case, that he has researched the applicable statutory and decisional authority,
and that he has found no reversible error and no arguable grounds of error for purposes of appeal. The State has filed a brief
concurring with this assessment. We find counsel has presented a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). We too have
carefully reviewed the appellate record and have found no reversible error or any arguable point(s) of error for appeal.

II. Appellant's Pro Se Brief.

 Appellate counsel notified appellant of his right to review the court reporter's and clerk's records, and to file a pro se brief. 
Appellant has filed a pro se brief which we read as raising two points of error. For the following reasons, we hold that
neither point is meritorious.

 The first point of error relates to appellant's first trial which ended in a mistrial. During that trial, one of the jurors was
observed sleeping, and the following exchange occurred:

 THE COURT: Make your motion.



 DEFENSE COUNSEL: Your Honor, move for a mistrial due to the fact of a sleeping juror during the testimony. I believe
this would cause problems and create a juror basing his decision on other jurors' memories, not his own.



 THE COURT: He's been sleeping for quite a while.



 DEFENSE COUNSEL: I can't speak to it, Your Honor, because I, frankly, have not been looking over in that direction.



 THE COURT: I've been watching, and the court reporter's noticed it also. Motion for mistrial is granted.



The docket sheet further reflects: "Mistrial granted on motion of defense due to juror sleeping during testimony." 

 Appellant contends the trial judge erred by granting the mistrial. Once jeopardy attaches, as it did for appellant when the
jury was empaneled and sworn, Crist v. Bretz, 437 U.S. 28, 29 (1978), McElwee v. State, 589 S.W.2d 455, 456 (Tex. Crim.
App. 1979), the defendant possesses a valued right to have his guilt or innocence determined before the first trier of fact. 
United States v. Scott, 437 U.S. 82, 98 (1978); Arizona v. Washington, 434 U.S. 497, 503 (1978); Wade v. Hunter, 336 U.S.
684, 689 (1949). An exception to this rule is made if the defendant consents to a retrial, or if a retrial is mandated by
manifest necessity. Arizona, 434 U.S. at 509; llinois v. Somerville, 410 U.S. 458, 462-63 (1973);United States v. Jorn, 400
U.S. 470, 482 (1971); Brown v. State, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995).

 Appellant argues there was no manifest necessity to grant the mistrial because the trial could have proceeded with eleven
jurors. Where a defendant consents to a mistrial the "manifest necessity" doctrine does not come into play. Harrison v.
State, 767 S.W.2d 803, 806 (Tex. Crim. App. 1989) ("Whether there existed a manifest necessity to declare a mistrial at
appellant's first trial is immaterial if appellant consented to the trial court's actions."). Consent need not be expressed but
may be implied from the totality of the circumstances. Serna v. State, 882 S.W.2d 885, 887 (Tex. App.-Corpus Christi
1994, no pet.). However, before failure to consent constitutes implied consent, appellant must have been given an
opportunity to object. Torres v. State, 614 S.W.2d 436, 441-42 (Tex. Crim. App. [Panel Op.] 1981).

 In the instant case, defense counsel made the motion for mistrial. The reason for seeking the mistrial is clear from the
record. The reason the trial judge granted the motion is equally clear. Finally, the record reflects that the motion was made
in open court in the presence of the defendant. Therefore, appellant could have personally objected had he so desired. 
When the record before us is viewed in the totality of the circumstances, we hold appellant consented to the mistrial. 
Garner v. State, 858 S.W.2d 656, 659 (Tex. App.-Fort Worth 1993, pet. ref'd). Accordingly, the first point of error is
overruled.

 The second point of error contends the evidence is legally and factually insufficient to support the jury's verdict. Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Three witnesses
testified at appellant's trial. The complainant, appellant's nephew, testified to the allegations alleged in the indictment. The
complainant's mother, appellant's adopted sister, testified to changes in the complainant's behavior shortly after the
occurrence of the alleged offense. Finally, a CPS worker testified as an outcry witness. Appellant did not offer any
defensive evidence, but rather rested behind the State.

 Appellant points out several contradictions in the testimony of the State's witnesses. The jury is the sole judge of the facts,
the witnesses' credibility, and the weight to be given the evidence. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App.
1998). Therefore, the jury may choose to believe or disbelieve any portion of the witnesses' testimony. Beckham v. State,
29 S.W.3d 148, 151 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Consequently, the jury was free to believe the
testimony of these three witnesses despite the minor contradictions in their testimony. Having reviewed the record
evidence under the standards of Jackson and Clewis, we hold the evidence is both legally and factually sufficient to support
appellant's conviction. Jackson, 443 U.S. at 319; Clewis, 922 S.W.2d at 129. Accordingly, the second point of error is
overruled.

 The judgment of the trial court is affirmed.

III. Counsel's Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).

 

CHARLES BAIRD,

Assigned Justice



Do not publish .

Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 15th day of May, 2003.



1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).