NUMBER 13-03-163-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG








ENRIQUE GRIMALDO
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 357th District Court


of Cameron County, Texas.






O P I N I O N



Before Justices Hinojosa, Yañez, and Castillo




Opinion by Justice Castillo



 The State twice indicted appellant Enrique Grimaldo for murder. A jury
convicted him of the lesser offense of manslaughter, a third-degree felony at the time
of commission of the crime. (1) The jury assessed his punishment at eight years
confinement in the Institutional Division of the Texas Department of Criminal Justice
and assessed a $5,000 fine. Grimaldo challenges the denial of his motion to dismiss the
indictment on speedy trial grounds. The trial court has certified that this is not a plea-bargain case, and Grimaldo has the right to appeal. See Tex. R. App. P. 25.2(a)(2). We
affirm. 

I. BACKGROUND


 The State originally indicted Grimaldo in 1992. It later dismissed the case and
re-indicted him on April 14, 1993. Grimaldo was released on bond for the second
charge on May 20, 1993. Trial under the second indictment initially was set for June 21,
1993, then reset to August 23, 1993. Grimaldo forfeited his bond on June 30, 1993
when he did not appear for an indigency hearing scheduled that day. A capias issued
for his arrest. On May 9, 2002, the authorities re-arrested Grimaldo at a border crossing
as he entered the United States from Mexico. He had been living in Mexico since 1998. 


 Trial began February 3, 2003. The jury was selected, sworn, and dismissed
at 1:35 that afternoon. Grimaldo filed a "Motion to Dismiss under the Speedy Trial
Clause of the Sixth Amendment" at 4:50 p.m., asking leave of court to file it. On
February 4, 2003, the following proceedings took place outside the presence of the jury: 
 

 [Defense Counsel]: . . . . I have filed a motion for leave of Court to
present a speedy trial issue to the Court. Based on those reasons, Your
Honor, we ask the Court to grant a leave to present that motion, and then
we would develop that motion throughout the course of the trial. 


 [Prosecutor]: From what I understand, Judge, he's been [sic] not
preparing to argue it right now but wants to argue it at a later date. I will
leave that up to the Court. The State is certainly prepared to argue that
factually today if the Court wishes to entertain that motion right now. 


 [The Court]: Can you proceed now?


 [Defense Counsel]: Your Honor, I can proceed now, but it would
require the calling of witnesses on the factual basis for the speedy trial. 
And if the Court would like, I can go into the speedy trial motion issue. 

 [The Court]: Yes. I mean, I would rather take it up now if we can. 


 [Defense Counsel]: Okay. Your Honor --


 [Second Defense Counsel]: Just for the record, are you going to
grant the motion for leave so that we can --


 [The Court]: Yes. 


 [Second Defense Counsel]: - argue? 


 [The Court]: Yes. 

 

 [Defense Counsel]: Thank you. Then - 


 [The Court]: You can have a seat, sir. 

 

* * *



 [The Court]: Very well. How long do you anticipate to take to
argue your motion, counsel, because we've got a jury waiting? 

 

 [Defense Counsel]: Yes, Your Honor. The motion would be very
brief. And the - just to present the outline of the motion to the Court, the
factual basis and, et cetera, would be elicited during the testimony of the
State's witnesses, because there's a four-step process, Your Honor.


 Brief arguments of counsel followed. Neither the State nor the defense
presented any evidence. The trial court ruled: 

 [The Court]: Very well. The Court will deny your motion, counsel. 

 The trial proceeded. The State introduced evidence during its case-in-chief that
Grimaldo had "jumped bond" on the murder charge, including a docket sheet showing
that the original case was dismissed and refiled. (2) In defense, Grimaldo introduced
exhibits that included: (1) a booking report and other intake documents from the
Cameron County Sheriff's Department showing Grimaldo's arrest on May 9, 2002;
(2) inmate request forms showing Grimaldo's detention in Cameron County on June 8,
July 10, and November 1, 2002, which indicated he was being detained on an
immigration violation in addition to the murder charge; and (3) documentation of the
Immigration and Naturalization Service of the United States Department of Justice
showing Grimaldo's deportation to Mexico in 1998. 

 Grimaldo testified in his own defense. He said he was in Florida when the
murder allegedly occurred on his rental property near Mercedes, Texas. He insisted he
returned shortly afterwards and lived there until his deportation in 1998. He also said
he was never informed he had been re-indicted for the murder after the initial charges
were dismissed. 

 The record shows that Grimaldo presented in his defense the evidence regarding
his immigration status to show that he had not "jumped bond" but, rather, had been
deported. He did not re-urge his speedy trial motion after presentation of the exhibits
and his testimony. On appeal, however, Grimaldo cites to the exhibits and his
testimony in arguing that his constitutional speedy trial rights were violated. (3) 

II. DISPOSITION


 An accused has a constitutional right to a speedy trial guaranteed under the
Sixth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 227 (1967). The factors we
weigh and then balance to determine if a violation of the right to a speedy trial has
occurred are: (1) the length of the delay; (2) the reason for the delay; (3) the accused's
assertion of the right to a speedy trial; and (4) prejudice to the accused as a result of the
delay. Barker v. Wingo, 407 U.S. 514, 530-32 (1972). In Barker, the United States
Supreme Court held that whether the accused asserted the right to a speedy trial is only
one factor to be considered. Id. at 528. 

 We note, however, a split of authority as to whether an accused waives a speedy
trial claim by raising it for the first time on appeal. See Wade v. State, 83 S.W.3d 835,
838 (Tex. App.-Texarkana 2002, no pet.) (and cited cases). The few cases considering
a speedy trial claim for the first time on appeal have done so because of Barker's
language that failure to assert a speedy trial claim is only one factor to be considered. 
Id. (citing Barker, 407 U.S. at 528); see Harris v. State, 827 S.W.2d 949, 957 (Tex. Crim.
App. 1992) (noting that appellant who did not invoke speedy trial right until day of trial
did not waive right but "indicate[d] strongly that he did not really want a speedy trial"). 
We note that the United States Supreme Court in Barker was faced with an appellant
who had delayed until trial assertion of the right to a speedy trial, not with one who
asserted a speedy trial claim for the first time on appeal. See Wade, 83 S.W.3d at 838. 
Barker simply rejected the "demand-waiver" rule, which had held that an accused
"forever" waived the right to a speedy trial by not demanding one. State v. Munoz, 991
S.W.2d 818, 825 (Tex. Crim. App. 1999); Wade, 83 S.W.3d at 838 (citing Barker, 407
U.S. at 525). There is no indication the Barker court intended to abrogate the
long-standing rule requiring an accused to object at trial to preserve an issue on appeal. 
Wade, 83 S.W.3d at 838; see Tex. R. App. P. 33.1. 

 Accordingly, this Court has held that it is the accused's burden to develop a
record that a speedy trial violation occurred and that it was asserted in the trial court. 
See, e.g., Serna v. State, 882 S.W.2d 885, 889-90 (Tex. App.-Corpus Christi 1994, no
pet.); Edwards v. State, 867 S.W.2d 90, 95 (Tex. App.-Corpus Christi 1993, no pet.)
(citing Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981)). Mere
assertions in an appellate brief are not enough. Serna, 882 S.W.2d at 890. 

 This case presents an issue similar to that posed by an appellant who asserts a
speedy trial claim for the first time on appeal. Grimaldo filed his motion to dismiss on
speedy trial grounds only after the jury had been sworn, albeit with leave of court. He
presented no evidence at the hearing on his motion. He now argues that the State
failed to show any reason for the delay in apprehending him. He construes evidence
developed during trial for an altogether different purpose as support for his contention
on appeal that the State did not diligently seek to arrest him after the capias issued. 
Grimaldo did not, however, re-urge his speedy trial motion to the trial court after
presentation of that evidence during the culpability phase of the trial. As a result, we
are confronted with an appellate record deficient in two respects: (1) once the trial
court denied Grimaldo's motion to dismiss, the State had no opportunity to present
rebuttal evidence relevant to the Barker factors; and (2) the trial court had no
opportunity to reconsider its ruling in light of the evidence Grimaldo presented. 

 Had the trial court granted Grimaldo's motion to dismiss on this record, this
Court's precedent would compel reversal. See State v. De Leon, 975 S.W.2d 722, 724
(Tex. App.-Corpus Christi 1998, no pet.) ("Accordingly, we conclude that without a
meaningful hearing on lack of a 'speedy trial' as a ground for dismissal, the trial court
erred to the extent that it dismissed on this ground."); see also United States v. Rich,
589 F.2d 1025, 1033-34 (10th Cir. 1978) (holding that trial court erred when, at sua
sponte status hearing, it allowed speedy trial challenge to be raised summarily on basis
of length of delay alone and dismissed case without prior notice to State or opportunity
to present evidence on Barker factors). As the court of criminal appeals noted in the
context of a probation revocation:

 We decline to address the issue sua sponte and thereby also decline to
establish precedent for considering unassigned Barker v. Wingo error in
every case where there has been a delay of the duration shown in this
case. If we were to consider this issue, which by nature of the applicable
balancing test requires a full development of the facts, on our own
motion, it would be necessary to abate the case for a full hearing on the
matter. We could not render a considered judgment on the matter
without a fully developed record, and this is particularly so where, as here,
the parties never made it an issue, did not present evidence on the matter,
and would have been utterly without notice, prior to judgment in this
Court, that a binding judgment between the parties would be entered on
the matter. 

 

Newcomb v. State, 547 S.W.2d 37, 38 (Tex. Crim. App. 1977). 

 Grimaldo got his trial before he demanded dismissal. Further, although he raised
the speedy trial issue below, there is no meaningful evidentiary record from which we
can apply, analyze, or balance the Barker factors. We decline to do so on this record. 
Finally, Grimaldo did not seek the trial court's reconsideration of its ruling on his motion
to dismiss after presentation of evidence of his immigration status. We believe the
better rule to be that an accused waives a speedy trial issue either: (1) by not raising
the claim before trial begins; (4)
 or (2) by not presenting evidence of the claim to the trial
court; or (3) by not obtaining a ruling after presentation of evidence of the claim. See
Tex. R. App. P. 33.1; see also Wade, 83 S.W.3d at 839; Serna, 882 S.W.2d at 890. We
hold that Grimaldo waived his speedy trial complaint at trial. III. CONCLUSION


 Accordingly, we overrule Grimaldo's sole issue. We affirm the judgment of the
trial court. 


 ERRLINDA CASTILLO

 Justice




Publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 11th day of March, 2004. 


1. Act of May 29, 1987, 70th Leg., R.S., ch. 307, § 1, 1987 Tex. Gen. Laws 1698 (eff. Sept. 1, 1987)
(amended 1993) (current version at Tex. Pen. Code Ann. § 19.04 (Vernon 2003)). 
2. See Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989) (inference of guilt may be
drawn from flight). 
3. In his brief, Grimaldo also cites to factual recitations in an unsworn letter he sent to the trial
court. The letter appears in the clerk's record. It was not introduced at trial and is not before this Court. 
We will not accept as facts assertions in an appellate brief that are unsupported by the record. Vanderbilt
v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981). 
4. We note that a trial begins when jeopardy attaches. Thornton v. State, 986 S.W.2d 615, 616
(Tex. Crim. App. 1999). In a jury trial, jeopardy attaches when the jury is empaneled and sworn. Hill v.
State, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002).