NUMBER 13-09-00331-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HUGO HERNANDEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 107th District Court
of Cameron County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion by Justice Garza



 Appellant, Hugo Hernandez, was convicted by a Cameron County jury of five counts
of burglary of a building, each a state jail felony. See Tex. Penal Code Ann. § 30.02(a),
(c)(1) (Vernon 2003). The convictions were enhanced to third-degree felonies after the jury
found that Hernandez was a habitual felony offender. See id. § 12.42(a)(1) (Vernon Supp.
2009). Hernandez was sentenced to eight years' imprisonment for each count, with the
sentences to run concurrently, and was assessed a $10,000 fine. Hernandez now
contends that: (1) he was afforded ineffective assistance of counsel at the punishment
phase of trial; (2) the trial court erred by not allowing Hernandez to represent himself at the
punishment phase; (3) the trial court erred by "allowing the entry of state jail felony
convictions for enhancement purposes"; (4) the evidence was factually insufficient to
support the jury's finding on the enhancement paragraphs; and (5) the trial court erred by
failing to dismiss the case for violation of Hernandez's right to a speedy trial. We reverse
and remand.

I. Background

 Hernandez was originally sentenced on October 29, 2002 to concurrent terms of ten
years' imprisonment for each of the five burglary counts, with no fine assessed. He
appealed the conviction, and we reversed in part and remanded for a new trial on the issue
of punishment only. Hernandez v. State, 190 S.W.3d 856, 866-73 (Tex. App.-Corpus
Christi 2006, no pet.) (concluding that a new punishment trial was warranted because: (1)
the State failed to read two enhancement counts to the jury; (2) Hernandez's plea to the
enhancements was not taken; and (3) the State failed to reintroduce evidence in support
of the enhancements).

 On remand, Hernandez filed several pre-trial motions, including a motion to
discharge his court-appointed trial counsel and to represent himself. The trial court denied
that motion at a hearing on January 20, 2009. On that same day, the new punishment trial
was held. Jorge Nava, a fingerprint expert employed by the Harlingen Police Department,
was the only witness to testify. Officer Nava stated that he took fingerprints from
Hernandez and that the fingerprints contained on judgments reflecting four previous felony
convictions matched those belonging to Hernandez. The jury then sentenced Hernandez
to eight years' imprisonment and assessed a $10,000 fine. This appeal followed.

II. Discussion

A. Violation of Right to Self-Representation

 By his second issue, (1) Hernandez contends that the trial court erred by denying his
request to represent himself. The Sixth and Fourteenth Amendments to the United States
Constitution "guarantee that a person brought to trial in any state or federal court must be
afforded the right to the assistance of counsel before he can be validly convicted and
punished for any felony." Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997)
(citing Faretta v. California, 422 U.S. 806, 807-08 (1975)); DeGroot v. State, 24 S.W.3d
456, 457 (Tex. App.-Corpus Christi 2000, no pet.). Implied in this right to counsel is a right
to self-representation. Faretta, 422 U.S. at 820; see Tex. Const. art. 1, § 10 (guaranteeing
criminal defendants "the right of being heard by himself or counsel"). The right to
self-representation, however, does not attach until it has been clearly and unequivocally
asserted. Williams v. State, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008); Birdwell v.
State, 10 S.W.3d 74, 77 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). Once the right
is asserted, the trial court must inform the defendant about "the dangers and
disadvantages of self-representation, so that the record will establish that he knows what
he is doing and his choice is made with eyes open." Williams, 252 S.W.3d at 356 (citing
Faretta, 422 U.S. at 835). The right to self-representation must then be preserved if the
choice of self-representation is made intelligently, knowingly, and voluntarily. Faretta, 422
U.S. at 835; DeGroot, 24 S.W.3d at 457. (2)

 Hernandez claims that he "clearly and unequivocally" asserted his right to self-representation at the pre-trial hearing on January 20, 2009, during which the trial court
heard his motion to discharge his trial counsel and to represent himself. Hernandez points
specifically to the following exchange:

[Defense counsel]: Judge, the first motion that my client wants to urge is a
motion that he previously filed before, I believe, and
was not heard at our last setting; and that's a motion
where he wants to discharge me as his attorney.


THE COURT: Is that correct, Mr. Hernandez?


[Hernandez]: Yes, sir, that's correct.


THE COURT: On what basis?


[Hernandez]: He's neglected my case and has not objected to the
actions of the Court. I had myself filed a motion to the
appeal court requesting for this Court to take [sic]
because this case has been over two years. And I don't
know for what reason the Court has just been delaying
this case. And I have to do it myself. He never did
anything to either let the Court know that we were
objecting to whatever the Court was doing, you know.


 And I believe that I request [sic] him to file other
motions, and he just filed the ones he wants to file, and
I don't think that--that's on my behalf to help me with
this case.


THE COURT: All right. My first question is, do you have any legal
training, Mr. Hernandez?


[Hernandez]: Actually, I've been doing most of the work, not that I'm
a professional, but I can understand the law.


THE COURT: My question is, do you have any legal training?


[Hernandez]: No, I don't.


THE COURT: Okay. Anything further on this motion--


[Defense counsel]: No, Judge.


THE COURT: --[Defense counsel]? All right. The motion will be
denied. What's the next one?


[Defense counsel]: Judge, second to that, my client has indicated to me
that he would like to proceed with--as his own
representative in this matter. I'm not sure--it's not clear
to me if it's an oral motion or a motion that he previously
filed. He communicated that to me yesterday, and I'm
on his behalf urging that motion.


THE COURT: He wants to proceed pro se, is that what--


[Defense counsel]: Yes, Judge.


THE COURT: --you're saying? That will be denied.


 The State argues that this does not constitute a "clear and unequivocal" assertion
of the right to self-representation. Instead, according to the State, because the trial court
previously denied Hernandez's motion to discharge his trial counsel, Hernandez was still
represented by counsel at the time the motion for self-representation was heard, and the
above therefore represented only a request for hybrid representation, for which there is no
absolute constitutional right. See, e.g., Scarbrough v. State, 777 S.W.2d 83, 92 (Tex.
Crim. App. 1989). The State notes that, in a previous case, we found no clear and
unequivocal assertion of the right to self-representation where the defendant did not state
that he wants to "control his own defense on his own." Saldana v. State, 287 S.W.3d 43,
54-55 (Tex. App.-Corpus Christi 2008, pet. ref'd) (emphasis in original). The State argues
that defense counsel's statement that Hernandez wanted to proceed "as his own
representative" is not equivalent to a statement that he wanted to "control his own defense
on his own." See id.

 We disagree. This case is nothing at all like Saldana, where the defendant admitted
that his request to cross-examine witnesses "if he felt his counsel had not done the job he
wanted done" was a request for hybrid representation. See id. at 52. Here, Hernandez
stated that "I have to do it myself" with reference to why he wished to discharge his
appointed trial counsel. Further, Hernandez's trial counsel informed the trial court that his
client wished to proceed "as his own representative." This does not indicate, as the State
would have it, that Hernandez wished to act as co-counsel along with his trial counsel;
instead, this was a clear and unequivocal request that Hernandez be permitted to
represent himself without the assistance of counsel. Indeed, the trial court asked
Hernandez's counsel if his client wanted to "proceed pro se," and counsel confirmed that
he did. See Black's Law Dictionary 1341 (9th ed. 2009) (defining "pro se" as "on one's
own behalf; without a lawyer" and as "[o]ne who represents oneself in a court proceeding
without the assistance of a lawyer" (emphases added)).

 We conclude that Hernandez clearly and unequivocally asserted his right to self-representation. Accordingly, the trial court erred by failing to conduct a Faretta hearing to
determine whether Hernandez made the decision to represent himself intelligently,
knowingly, and voluntarily. (3) See Williams, 252 S.W.3d at 358; Saldana, 287 S.W.3d at 53;
DeGroot, 24 S.W.3d at 457. Hernandez's second issue is sustained.

B. Use of State Jail Felony Convictions for Enhancement

 By his third issue, Hernandez contends that the trial court erred by permitting the
charged offenses to be enhanced by prior convictions for state jail felonies. (4) Hernandez
bases this issue on section 12.42(e) of the Texas Penal Code, which provides that "[a]
previous conviction for a state jail felony punished under Section 12.35(a) may not be used
for enhancement purposes under Subsection (b), (c), or (d)." Tex. Penal Code Ann. §
12.42(e). However, subsections (b), (c), and (d) of section 12.42 of the penal code were
not applicable to Hernandez's conviction. See id. § 12.42(b) (applicable only to second-degree felonies), (c) (applicable only to first-degree felonies), (d) (applicable only to
felonies "other than a state jail felony punishable under Section 12.35(a)"). (5) Rather, the
enhancement allegations here were clearly and legitimately authorized by subsection (a)
of that statute. See id. § 12.42(a) ("If it is shown on the trial of a state jail felony punishable
under Section 12.35(a) that the defendant has previously been finally convicted of two
state jail felonies, on conviction the defendant shall be punished for a third-degree
felony."). We therefore overrule Hernandez's third issue.

C. Failure to Dismiss for Violation of Right to Speedy Trial

 Hernandez contends by his fifth issue that the trial court erred in failing to dismiss
the case against him for violation of his right to a speedy trial. The Sixth Amendment to
the United States Constitution guarantees an accused the right to a speedy trial. Cantu
v. State, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (citing Zamorano v. State, 84
S.W.3d 643, 647 (Tex. Crim. App. 2002)). We analyze federal constitutional speedy-trial
claims "on an ad hoc basis" by weighing and then balancing the four factors specified by
the United States Supreme Court in Barker v. Wingo: (1) length of the delay, (2) reason
for the delay, (3) assertion of the right, and (4) prejudice to the accused. 407 U.S. 514,
530 (1972). (6)

 The State argues that Hernandez waived this issue by failing to raise any issue with
the trial court regarding a violation of his speedy-trial rights and by making this argument
for the first time on appeal. (7) We agree. This Court has consistently held that "it is the
accused's burden to develop a record that a speedy trial violation occurred and that it was
asserted in the trial court." Grimaldo v. State, 130 S.W.3d 450, 453 (Tex. App.-Corpus
Christi 2004, no pet.) (citing Serna v. State, 882 S.W.2d 885, 889-90 (Tex. App.-Corpus
Christi 1994, no pet.); Edwards v. State, 867 S.W.2d 90, 95 (Tex. App.-Corpus Christi
1993, no pet.)). Mere assertions in an appellate brief are not enough. Id. (citing Serna,
882 S.W.2d at 890). (8) Because Hernandez did not assert his right to a speedy trial at the
trial court, he has not preserved this issue for our review. See id.; Tex. R. App. P. 33.1. 
His fifth issue is therefore overruled.

III. Conclusion

 We need not address Hernandez's remaining issues because those issues, if
sustained, would result in no greater relief than is otherwise provided by our disposition of
Hernandez's second issue. See Tex. R. App. P. 47.1; Gearhart v. State, 122 S.W.3d 459,
467 (Tex. Crim. App. 2003) (noting that, when case is reversed for factual sufficiency,
remand for new trial is appropriate); Ramirez v. State, 301 S.W.3d 410, 422 (Tex.
App.-Austin 2009, no pet.) (remanding for new punishment trial upon sustaining
appellant's issue that he was afforded ineffective assistance of counsel at the punishment
phase of trial).

 We reverse the judgment of the trial court and remand once again for a new
punishment trial.


 ________________________

 DORI CONTRERAS GARZA,

 Justice


Do Not Publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

12th day of August, 2010.
1. We consider Hernandez's issues out of order in the interest of convenience.
2. The right to self-representation may not be exercised simply to delay the orderly procedure of the
courts or to interfere with the fair administration of justice. Parker v. State, 545 S.W.2d 151, 156 (Tex. Crim.
App. 1997); Thomas v. State, 550 S.W.2d 64, 68 (Tex. Crim. App. 1977). Here, however, the State does not
contend, and the record does not reflect, that Hernandez sought to represent himself for this purpose.
3. We note that the trial court appears to have denied Hernandez's motion to represent himself based
only on Hernandez's lack of formal legal training. This is an improper ground upon which to deny such a
motion. See Faretta v. California, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have
the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he
should be made aware of the dangers and disadvantages of self-representation . . . ."); Burton v. State, 634
S.W.2d 692, 694 (Tex. Crim. App. 1982) ("Neither the defendant's technical legal training nor his ability to
conduct an adequate defense are requisites for self-representation."); see also Scarbrough v. State, 777
S.W.2d 83, 92 (Tex. Crim. App. 1989) ("While the choice [to represent oneself] must be knowingly and
intelligently made, it need not be wise. Indeed, the accused must be permitted to conduct his own defense
ultimately to his own detriment, if that is his informed decision.") (internal quotations omitted).
4. The jury charge on punishment set forth four enhancement allegations, each asserting that
Hernandez had been convicted of a crime prior to the commission of the underlying offenses. Specifically,
the jury charge alleged that Hernandez was convicted of three separate counts of burglary of a building, a
state jail felony, on July 15, 1998; and that he had also previously been convicted of "Felony Theft with Two
Enhancements," a third-degree felony, on August 23, 1999. The charge then stated that "[i]f you find that at
least two enhancement allegations are true," then the applicable range of punishment for burglary of a building
would be enhanced to that of a third-degree felony; i.e., two to ten years' imprisonment and a fine of up to
$10,000. See Tex. Penal Code Ann. § 12.34 (Vernon Supp. 2009).
5. It is undisputed that the underlying charges here were punishable under penal code section 12.35(a).
 See id. § 12.35(a) (Vernon Supp. 2009).
6. Article I, section 10 of the Texas Constitution also guarantees the accused in all criminal cases the
right to a speedy and public trial. See Tex. Const. art. I, § 10. This right exists independently of the federal
guarantee, but we analyze state speedy-trial claims under the same four Barker factors. Cantu v. State, 253
S.W.3d 273, 280 n.16 (Tex. Crim. App. 2008).
7. Hernandez points to the above-quoted exchange between his trial counsel and the trial court in
claiming that he did, in fact, raise an issue as to his constitutional right to a speedy trial. See supra section
II.A. However, the statement Hernandez points to--"I don't know for what reason the Court has just been
delaying this case"--was made solely with reference to his motion to discharge his trial counsel and represent
himself. At no point did Hernandez request that the trial court dismiss the case for a violation of his speedy-trial rights.
8. In Grimaldo v. State, we noted that there is "a split of authority as to whether an accused waives a
speedy trial claim by raising it for the first time on appeal." 130 S.W.3d 450, 453 (Tex. App.-Corpus Christi
2004, no pet.) (citing Wade v. State, 83 S.W.3d 835, 838 (Tex. App.-Texarkana 2002, no pet.)). We further
noted that "[t]he few cases considering a speedy trial claim for the first time on appeal have done so because
of Barker's language that failure to assert a speedy trial claim is only one factor to be considered." Id. (citing
Barker v. Wingo, 407 U.S. 514, 528 (1972)). We concluded, however, that "[t]here is no indication the Barker
court intended to abrogate the long-standing rule requiring an accused to object at trial to preserve an issue
on appeal." Id. (citing Wade, 83 S.W.3d at 838; Tex. R. App. P. 33.1).